**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JULIA A. HANDWERK,<br><br>Plaintiff,<br><br>v.<br><br>KILOLO KIJAKAZI,<br><br>Defendant. | CIVIL ACTION NO. 3:22-CV-01425<br><br>(MEHALCHICK, M.J.) |

**MEMORANDUM**

This is an action brought under Section 1383(c) of the Social Security Act and 42 U.S.C. § 405(g), seeking judicial review of the final decision of the Commissioner of Social Security (hereinafter, "the Commissioner") denying Plaintiff Julia A. Handwerk ("Handwerk")'s claims for a period of disability and disability insurance benefits ("DIB") and supplemental security income ("SSI") under Titles II and XVI of the Social Security Act. (Doc. 1). The parties have consent to proceed before the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure. (Doc. 11). For the reasons expressed herein, and upon detailed consideration of the arguments raised by the parties in their respective briefs, the Commissioner's decision shall be VACATED and REMANDED.

## I. BACKGROUND AND PROCEDURAL HISTORY

On October 14, 2010, Plaintiff Handwerk protectively filed applications for Title II benefits alleging disability beginning September 2, 2007, due to fibromyalgia, depression, diabetes, and anxiety. (Doc. 13-2, at 13). The Social Security Administration ("SSA") initially denied Handwerk's application on January 10, 2011, prompting Handwerk's request for a hearing, which was held before Administrative Law Judge ("ALJ") Therese A. Hardiman on

May 3, 2012. (Doc. 13-2, at 24-47). In a written decision dated June 28, 2012, the ALJ determined that Handwerk was not disabled and, therefore, not entitled to the benefits sought. (Doc. 13-2, at 13-19). Handwerk appealed the decision to the Appeals Counsel, who denied her request for review on September 27, 2013. (Doc. 13-9, at 2-5).

Thereafter, on November 25, 2013, Handwerk filed a complaint in the United District Court for the Middle District of Pennsylvania seeking judicial review of the ALJ's unfavorable decision. *Handwerk v. Colvin*, No. 3:13-CV-2860 (M.D. Pa. Nov. 25, 2013), ECF No. 1. On October 24, 2013, the undersigned issued a report recommending that ALJ Hardiman's June 2012 decision be vacated and the case remanded to the Commissioner to conduct a new administrative hearing. *Handwerk v. Colvin*, No. 3:13-CV-2860 (M.D. Pa. Oct. 24, 2014), ECF No. 13. The Commissioner waived objections. *Handwerk v. Colvin*, No. 3:13-CV-2860 (M.D. Pa. Nov. 6, 2013), ECF No. 14. On November 10, 2014, United States District Judge William J. Nealon issued a Memorandum Opinion, and Order adopting the undersigned's recommendation. *Handwerk v. Colvin*, No. 3:13-CV-2860 (M.D. Pa. Nov. 10, 2014), ECF Nos. 15, 16. On December 19, 2014, the Appeals Counsel remanded the case to the ALJ for further administrative proceedings in accordance with the fourth sentence of section 205(g) of the Social Security Act. (Doc. 13-9, at 45).

On June 9, 2015, ALJ Hardiman held a second administrative hearing. (Doc. 13-8, at 100). In a written decision dated February 17, 2016, the ALJ again found Handwerk was not disabled and denied her application for benefits. (Doc. 13-9, at 49-63). Handwerk requested review of ALJ Hardiman's second decision denying her application for benefits. (Doc. 13-9, at 69). On October 7, 2016, the Appeals Council found that the ALJ sis not state an adequate

basis for denying the claim at step two and remanded Handwerk's case to be heard by a new Administrative Law Judge with the following instructions:

- Further evaluate [Handwerk]'s alleged symptoms and provide rationale in accordance with the disability regulations pertaining to evaluation of symptoms (20 CFR 404.1529 and Social Security Ruling 16-3p).

- Give further consideration to the severity and limiting effects, if any, of [Handwerk]'s alleged fibromyalgia consistent with the guidance of Social Security Ruling 12-2p.

- Further, if necessary, obtain evidence from a medical expert to clarify the nature and severity of [Handwerk]'s impairments (20 CFR 404.1527(e) and Social Security Ruling 96-6p).

(Doc. 13-9, at 72-73).

On February 16, 2017, Handwerk appeared and testified at a third administrative hearing, this time in front of ALJ Jarrod Tranguch. (Doc. 13-8, at 65-99). On June 28, 2017, ALJ Tranguch issued the third decision denying Handwerk's application for benefits. (Doc. 13-9, at 79-90). Handwerk requested review of the third decision denying her application for benefits, and on January 11, 2019, the Appeals Council vacated the ALJ's decision for failing to adequately consider Handwerk's subjective symptoms or adequately evaluate the opinion of Dr. James Ross, and remanded the case with the following instructions:

- Further evaluate [Handwerk]'s alleged symptoms and provide rationale in accordance with the disability regulations pertaining to evaluation of symptoms (20 CFR 404.1529).

- Further consider [Handwerk]'s maximum residual functional capacity and provide appropriate rationale with specific references to evidence of record in support of the assessed limitations (20 CFR 404.1545 and Social Security Ruling 85-16 and 96-8p). In so doing, evaluate the treating source opinion in accordance with the provisions of 20 CFR 404.1527 and explain the weight given to such opinion evidence. As appropriate, the Administrative Law Judge may request the treating source provide additional evidence and/or further clarification of the opinion (20 CFR 404.1520b).

- If warranted by the expanded record, obtain supplemental evidence from a vocational expert to clarify the effect of the assessed limitations on [Handwerk]'s occupational base (Social Security Ruling 83-12, 83-14, and 85-15). The hypothetical questions should reflect the specific capacity/limitations established by the record as a whole. The [ALJ] will ask the vocational expert to identify examples of appropriate jobs and to state the incidence of such jobs in the national economy (20 CFR 404.1566). Further, before relying on the vocational expert evidence the [ALJ] will identify and resolve any conflicts between the occupational evidence provided by the vocational expert and information in the Dictionary of Occupational Titles (DOT) and its companion publication, the Selected Characteristics of Occupations (Social Security Ruling 00-4p).

(Doc. 13-9, at 101).

However, because Handwerk's insured status expired over six years before the 2017 ALJ decision was issued, it did not require that a new hearing be held unless Handwerk demonstrated to the ALJ that "the facts of the case warrant[ed] another hearing." (Doc. 13-9, at 100-01). ALJ Tranguch concluded that there was no need to conduct a fourth administrative hearing. (Doc. 13-8, at 139). In a written decision dated April 24, 2019, ALJ Tranguch issued a fourth decision finding Handwerk was not disabled and denying Handwerk's application for benefits. (Doc. 13-8, at 8-25).

On August 19, 2019, Handwerk filed a second complaint in the Middle District seeking judicial review of the ALJ's unfavorable decision. *Handwerk v. Saul*, No. 4:19-CV-1439 (M.D. Pa. Aug. 19, 2019), ECF No. 1. On October 4, 2020, the Court vacated the ALJ's decision and remanded for further administrative proceedings. *Handwerk v. Saul*, No. 4:19-CV-1439 (M.D. Pa. Aug. 19, 2019), ECF Nos. 33, 34. On October 16, 2020, the Appeals Council vacated the ALJ's decision and remanded the case to an ALJ for further proceedings. (Doc. 13-15, at 111). Noting that Handwerk filed subsequent claims for Title XVI disability benefits on July 27, 2017, and November 20, 2019, the Appeals Council directed the ALJ to

consolidate the claims filed, associate the evidence, and issue a new decision on the consolidated claims in accordance with 20 C.F.R. § 416.1452 and HALLEX I-1-10-10. (Doc. 13-15, at 111).

On July 29, 2021, a fourth hearing was held in front of ALJ Timothy Wing. (Doc. 13-14, at 50). In a written decision dated September 9, 2021, ALJ Wing found that Handwerk was not disabled and, therefore, denied her application for benefits. (Doc. 13-14, at 18). Handwerk appeals the decision to the Appeals Counsel, who denied her request for review on August 8, 2022. (Doc. 13-14, at 2).

On September 12, 2022, Handwerk filed the instant action. (Doc. 1). The Commissioner responded on November 21, 2022, providing the requisite transcripts from the disability proceedings. (Doc. 12; Doc. 13). The parties then filed their respective briefs, with Handwerk arguing four main errors warrant reversal or remand. (Doc. 14; Doc. 16; Doc. 18).

## II. STANDARD OF REVIEW

In order to receive benefits under Title II or Title XVI of the Social Security Act, a claimant must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). To satisfy this requirement, a claimant must have a severe physical or mental impairment[1] that makes it impossible to do his or her previous work or any other substantial gainful activity that exists in significant

[1] A "physical or mental impairment" is defined as an impairment resulting from "anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3).

numbers in the national economy. 42 U.S.C. § 423(d)(2)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). Additionally, to be eligible to receive benefits under Title II of the Social Security Act, a claimant must be insured for disability insurance benefits. 42 U.S.C. § 423(a); 20 C.F.R. § 404.131.

A. Administrative Review

In evaluating whether a claimant is disabled as defined in the Social Security Act, the Commissioner follows a five-step sequential evaluation process. 20 C.F.R. §§ 404.1520(a), 416.920(a). Under this process, the Commissioner must determine, in sequence: (1) whether the claimant is engaged in substantial gainful activity; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment meets or equals a listed impairment;[2] (4) whether the claimant is able to do past relevant work, considering his or her residual functional capacity ("RFC"); and (5) whether the claimant is able to do any other work that exists in significant numbers in the national economy, considering his or her RFC, age, education, and work experience. 20 C.F.R. §§ 404.1520(a), 416.920(a). The claimant bears the initial burden of demonstrating a medically determinable impairment that prevents him or her from doing past relevant work. 20 C.F.R. §§ 404.1512(a), 416.912(a). Once the claimant has established at step four that he or she cannot do past relevant work, the burden then shifts to the Commissioner at step five to show that jobs exist in significant numbers in the national economy that the claimant could perform that are consistent with his or her RFC, age, education, and past work experience. 20 C.F.R. §§ 404.1512(f), 416.912(f).

[2] An extensive list of impairments that warrant a finding of disability based solely on medical criteria, without considering vocational criteria, is set forth at 20 C.F.R. Part 404, Subpart P, Appendix 1 (effective June 12, 2015, through July 19, 2015).

B. Judicial Review

In reviewing the Commissioner's final decision denying a claimant's application for benefits, the Court's review is limited to determining whether the findings of the final decision-maker are supported by substantial evidence in the record. *See* 42 U.S.C. § 1383(c)(3) (incorporating 42 U.S.C. § 405(g) by reference); *Johnson v. Comm'r of Soc. Sec.*, 529 F.3d 198, 200 (3d Cir. 2008); *Ficca v. Astrue*, 901 F. Supp. 2d 533, 536 (M.D. Pa. 2012). Substantial evidence "does not mean a large or considerable amount of evidence, but rather such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (internal quotations omitted). Substantial evidence is less than a preponderance of the evidence but more than a mere scintilla. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). A single piece of evidence is not substantial evidence if the ALJ ignores countervailing evidence or fails to resolve a conflict created by the evidence. *Mason v. Shalala*, 994 F.2d 1058, 1064 (3d Cir. 1993). In an adequately developed factual record, however, substantial evidence may be "something less than the weight of the evidence, and the possibility of drawing two inconsistent conclusions from the evidence does not prevent [the ALJ's decision] from being supported by substantial evidence." *Consolo v. Fed. Maritime Comm'n*, 383 U.S. 607, 620 (1966). "In determining if the Commissioner's decision is supported by substantial evidence the court must scrutinize the record as a whole." *Leslie v. Barnhart*, 304 F. Supp. 2d 623, 627 (M.D. Pa. 2003).

The question before the Court, therefore, is not whether Handwerk is disabled, but whether the Commissioner's finding that Handwerk is not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law. *See Arnold v. Colvin*, No. 3:12-CV-02417, 2014 WL 940205, at *1 (M.D. Pa. Mar. 11, 2014) ("[I]t has been

held that an ALJ's errors of law denote a lack of substantial evidence."); *Burton v. Schweiker*, 512 F. Supp. 913, 914 (W.D. Pa. 1981) ("The [Commissioner]'s determination as to the status of a claim requires the correct application of the law to the facts."); *see also Wright v. Sullivan*, 900 F.2d 675, 678 (3d Cir. 1990) (noting that the scope of review on legal matters is plenary); *Ficca*, 901 F. Supp. 2d at 536 ("[T]he court has plenary review of all legal issues decided by the Commissioner.").

## III. The ALJ's Decision

In a decision dated September 9, 2021, the ALJ determined that Handwerk "has not been under a disability, as defined in the Social Security Act, from September 2, 2007, through the date of this decision." (Doc. 13-14, at 37). The ALJ reached this conclusion after proceeding through the five-step sequential analysis required by the Social Security Act. *See* 20 C.F.R. §§ 404.1520, 416.920(a). At the onset, the ALJ determined that Handwerk last met the insured status requirements of the Social Security Act on June 30, 2010. (Doc. 13-14, at 22).

### A. Step One

At step one, an ALJ must determine whether the claimant is engaging in substantial gainful activity ("SGA"). 20 C.F.R §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If a claimant is engaging in SGA, the Regulations deem them not disabled, regardless of age, education, or work experience. 20 C.F.R. §§ 404.1520(b), 416.920(b). SGA is defined as work activity—requiring significant physical or mental activity—resulting in pay or profit. 20 C.F.R. §§ 404.1572, 416.972. In making this determination, the ALJ must consider only the earnings of the claimant. 20 C.F.R. §§ 404.1574, 416.974. Here, the ALJ determined that Handwerk "has

not engaged in substantial gainful activity since September 2, 2007, the alleged onset date." (Doc. 13-14, at 22). Thus, the ALJ's analysis proceeded to step two.

B. STEP TWO

At step two, the ALJ must determine whether the claimant has a medically determinable impairment that is severe or a combination of impairments that are severe. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the ALJ determines that a claimant does not have an "impairment or combination of impairments which significantly limits [their] physical or mental ability to do basic work activities, [the ALJ] will find that [the claimant] does not have a severe impairment and [is], therefore not disabled." 20 C.F.R. §§ 1520(c), 416.920(c). If a claimant establishes a severe impairment or combination of impairments, the analysis continues to the third step. Here, the ALJ found that Handwerk has the following medically determinable severe impairments: "spinal disorder including cervical degenerative disc disease, radiculopathy, lumbar spondylitis; fibromyalgia; joint disorder including seronegative spondyloarthropathy; bilateral hip bursitis; left shoulder disorder including osteoarthritis, arthritis/polyarthralgia; obesity; diabetes mellitus; diabetic peripheral neuropathy; and depressive disorder." (Doc. 13-14, at 22). In addition, the ALJ found that Handwerk has the following medically determinable non-severe impairments: "a history of restless leg syndrome." (Doc. 13-14, at 23).

C. STEP THREE

At step three, the ALJ must determine whether the severe impairment or combination of impairments meets or equals the medical equivalent of an impairment listed in the version of 20 C.F.R. § Pt. 404, Subpt. P, App. 1 that was in effect on the date of the ALJ's decision. 20 C.F.R. §§ 404.1520(a)(4)(iii); 404.1525; 404.1526; 20 C.F.R. §§ 416.920(a)(4)(iii); 416.925;

416.926. The sections in this appendix are commonly referred to as "listings." If the ALJ determines that the claimant's impairments meet these listings, then the claimant is considered disabled. 20 C.F.R. §§ 404.1520(d), 416.920(d). Here, the ALJ determined that none of Handwerk's impairments, considered individually or in combination, meets or medically equals the severity of a Listing. (Doc. 13-14, at 23). Specifically, the ALJ considered Listings 1.15 (disorders of the skeletal spine resulting in compromise of a nerve root(s)); 1.16 (lumbar spinal stenosis resulting in compromise of the cauda equina); 1.18 (abnormality of a major joint(s) in any extremity); 11.14 (peripheral neuropathy); 9.00 (endocrine disorders); 12.04 (depressive, bipolar, and related disorders); and Social Security Ruling 12-2p. (Doc. 13-14, at 23-27).

D. RESIDUAL FUNCTIONAL CAPACITY

Between steps three and four, the ALJ determines the claimant's residual functional capacity ("RFC"), crafted upon consideration of the medical evidence provided. Handwerk alleged that her impairments caused the following symptoms: lower back pain, numbness over her hands, regular fatigue and exhaustion, mood swings, depression, anxiety, difficulty concentrating, and memory loss. (Doc. 13-14, at 28). After examining her statements and the medical evidence, the ALJ found that while Handwerk's impairments could reasonably be expected to cause the alleged symptoms, Handwerk's statements about the intensity, persistence, and the limiting effects of the symptoms were not entirely consistent with the medical evidence and other evidence in the record. (Doc. 13-14, at 28). The ALJ then went on to detail Handwerk's medical records and treatment history, activities of daily living, and medical opinion evidence. (Doc. 13-14, at 28-36). Considering all evidence in the record, the

ALJ determined that Handwerk had the RFC "to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b),"[3] subject to the following non-exertional limitations:

> [Handwerk] is limited to occupations that require no more than occasional postural maneuvers, such as balancing, stooping, kneeling, crouching, and climbing on ramps and stairs, but must avoid occupations that require climbing on ladders ropes and scaffolds or crawling; with no more than occasional overhead reaching or pushing and pulling with the upper extremities to include the operation of hand controls; and no more than occasional pushing and pulling with the lower extremities to include the operation of foot controls. She must avoid frequent concentrated exposure to environments with cold temperature extremes, excessive vibration, extreme dampness, and humidity, and must avoid exposure to dangerous machinery and unprotected heights. [Handwerk] would be limited to occupations requiring no more than simple, routine, repetitive tasks, not performed in a fast-paced production environment, involving only simple, work-related decisions, and in general, relatively few workplace changes.

(Doc. 13-14, at 27).

E. <u>Step Four</u>

Having assessed a claimant's RFC, at step four the ALJ must determine whether the claimant has the RFC to perform the requirements of their past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). A finding that the claimant can still perform past relevant work requires a determination that the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). Past relevant work is defined as work the claimant has done within the past 15 years, that was substantial gainful activity, and that lasted long enough for the claimant to learn how to do it. 20 C.F.R. §§ 404.1560(b), 416.960(b). If the

[3] The limitation to "light work" "involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds." 20 C.F.R. §§ 404.1567(b), 416.967(b). A job will fall under this category if it requires lifting little weight, yet a good deal of walking or standing, or mostly sitting with some pushing and pulling of arm or leg controls. 20 C.F.R. §§ 404.1567(b), 416.967(b). An individual considered capable of performing a full range of light work must be able to do substantially all of these activities. 20 C.F.R. §§ 404.1567(b), 416.967(b).

claimant cannot perform past relevant work or has no past relevant work, then the analysis proceeds to the fifth step. 20 C.F.R. §§ 404.1565, 416.965. Here, the ALJ determined that Handwerk is unable to perform any past relevant work. (Doc. 13-14, at 36). The ALJ noted that Handwerk has past relevant work as a phlebotomist. (Doc. 13-14, at 36). Thus, the ALJ proceeded to step five of the sequential analysis.

F. <u>STEP FIVE</u>

At step five of the sequential analysis process, an ALJ considers the claimant's age, education, and work experience to see if a claimant can make the adjustment to other work. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). These factors are not considered when evaluating a claimant's ability to perform past relevant work. 20 C.F.R. §§ 404.1560(b)(3), 416.960(b)(3). If a claimant has the ability to make an adjustment to other work, they will not be considered disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). Here, the ALJ made vocational determinations that Handwerk was 34 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date. (Doc. 13-14, at 36); *see* 20 C.F.R. §§ 404.1563, 416.963. The ALJ also noted that Handwerk "has at least a high school education" as considered in 20 C.F.R. §§ 404.1564, 416.964. (Doc. 13-14, at 36). Considering Handwerk's age, education, work experience and RFC, the ALJ determined that "there are other jobs that exist in significant numbers in the national economy that the claimant also can perform, considering [Handwerk]'s age, education, work experience, and [RFC]." (Doc. 13-14, at 36-37); *see* 20 C.F.R. §§ 404.1569; 404.1569(a); 20 C.F.R. §§ 416.969; 416.969(a). In making this determination, the ALJ relied on the expertise of the vocational expert ("VE"), who testified that Handwerk could perform the requirements of representative occupations such as survey worker, casher II, and sorter, which are occupations with open positions

ranging from 174,000 to 3.3 million nationally (Doc. 13-14, at 37). As a result of this analysis, the ALJ determined that Handwerk was not disabled and denied her applications for benefits. (Doc. 13-14, at 37).

## IV. DISCUSSION

Handwerk advances four main arguments on appeal. (Doc. 14). First, Handwerk argues that the ALJ did not meet his step five burden because she could not perform the occupations adopted by the ALJ with the limitations adopted by the ALJ in his RFC. (Doc. 14, at 3). Handwerk contends that there remain unresolved conflicts within the VE's testimony and between the VE's testimony and the Dictionary of Occupational Titles ("DOT"). (Doc. 14, at 4). Second, Handwerk argues that the ALJ erroneously failed to give deference to the opinions of her treating medical sources, which were the only examining medical sources to offer an opinion as to Handwerk's functional limitation. (Doc. 14, at 9). Third, Handwerk argues that remand for payment of benefits is warranted because the SSA has caused extraordinary delay in this case, the record is complete, and Handwerk is unquestionably entitled to an award of benefits. (Doc. 14, at 13). Lastly, Handwerk argues that remand is required because the ALJ and Appeals Council members were not properly appointed. (Doc. 14, at 16).

In response, the Commissioner contends the ALJ's decision should be affirmed because substantial evidence supports the ALJ's determination that Handwerk was not disabled under the Act, the ALJ properly relied on the VE's testimony, and the ALJ properly considered the medical source opinions of record. (Doc. 16, at 14-18). The Commissioner further argues that remand is not warranted because Nancy Berryhill was validly serving as

acting commissioner when she ratified and approved the appointments of the SSA ALJs. (Doc. 16, at 23).

A. ALJ WING FAILED TO RESOLVE A CONFLICT BETWEEN THE VE'S TESTIMONY AND THE DOT.

First, Handwerk argues the ALJ reached this conclusion based solely on the VE's testimony, but failed to resolve a conflict between the VE's finding and the reasoning level—found in the DOT—requiring Handwerk be able to follow detailed instructions. (Doc. 14, at 4-9). In opposition, the Commissioner submits that the VE's testimony is not in conflict with the DOT and that Handwerk's arguments are without merit. (Doc. 16, at 15-18).

Where there is an apparent, unresolved conflict about every occupation identified by a vocational expert, the ALJ's conclusion at step five is not supported by substantial evidence. *Boone v. Barnhart*, 353 F.3d 203, 208 (3d Cir. 2003) (concluding that the VE's testimony did not constitute substantial evidence that the claimant could perform a significant number of jobs because "according to the DOT, [claimant could not] perform any of the occupations identified by the VE."); *cf. Rutherford v. Barnhart*, 399 F.3d 546, 557 (3d Cir. 2005) (concluding that an ALJ's decision was supported by substantial evidence where "inconsistencies [were] not present as to each of the jobs that the expert did list."). To determine at step five whether there exist jobs in significant numbers in the national economy the claimant could perform, "'the ALJ often seeks advisory testimony from a vocational expert.' " *Boone*, 353 F.3d at 205-06. Such testimony "typically includes, and often centers upon, one or more hypothetical questions posed by the ALJ to the vocational expert," in which "[t]he ALJ will normally ask the expert whether, given certain assumptions about the claimant's physical capability, the claimant can perform certain types of jobs, and the extent to which such jobs exist in the

national economy." *Podedworny v. Harris*, 745 F.2d 210, 218 (3d Cir. 1984). The ALJ additionally consults the DOT, a publication of the United States Department of Labor. *Boone*, 353 F.3d at 206, *as amended* (Dec. 18, 2003). The DOT "lists and defines all jobs available in the national economy and specifies what qualifications are needed to perform each job." *McHerrin v. Astrue*, No. 09-2035, 2010 WL 3516433, at *3 (E.D. Pa. Aug. 31, 2010). Each listing contains a breakdown of "the requirements necessary to perform a job." *McHerrin*, 2010 WL 3516433, at *3.

At issue here are the DOT reasoning levels, which "refer to informal and formal levels of education required for satisfactory job performance." *McHerrin*, 2010 WL 3516433, at *3. "A job with a reasoning level of 1 requires skills to '[a]pply commonsense understanding to carry out simple one-or two-step instructions' " and " '[d]eal with standardized situations with occasional or no variables in or from these situations encountered on the job.' " *Alvarado v. Colvin*, 147 F.Supp.3d 297, 306 (E.D. Pa. 2015) (quoting DOT, Appendix C). "[A] job with reasoning level 2 is defined as the 'ability to apply common sense and understanding, to carry out detailed but uninvolved written or oral instructions and deal with problems involving a few concrete variables in or from standardized situations.' " *Alvarado*, 147 F.Supp.3d at 306 (quoting DOT, Appendix C). A job with reasoning level 3 is defined as the ability to "apply commonsense understanding to carry out instructions furnished in written, oral, or diagrammatic form [and] [d]eal with problems involving several concrete variables in or from standardized situations." DOT, Appendix C, 1991 WL 688702.

In this case, during the administrative hearing, the VE provided the following testify upon examination by the ALJ:

Q: All right, then. Now, let's turn to some hypotheticals. Let's assume a hypothetical individual with the same age, education, and past work experience as [Handwerk] who would be limited to a light range of work as that term is defined under the regulations, and would be limited to occupations that required no more than occasional postural maneuvers such as balancing, stooping, kneeling, crouching, and climbing on ramps and stairs; must avoid occupations that require climbing on ladders, ropes, and scaffolds, as well as crawling; with no more than occasional overhead reaching or pushing and pulling with the upper extremities to include the operation of hand controls; and no more than occasional pushing and pulling with the lower extremities to include the operation of foot controls; must avoid frequent, concentrated exposure to environments with cold temperature extremes, excessive vibration, extreme dampness and humidity; and must avoid exposure to dangerous machinery and unprotected heights; and would be further limited to occupations requiring no more than simple, routine, repetitive tasks not performed in a fast-paced production environment; involving only simple, work-related decisions; and in general, relatively few work-place changes. Now, first off, could such a person perform [Handwerk]'s past relevant work?

A: No.

Q: Other jobs for such a person then?

A: Yes. Examples would include surgery worker. The DOT number is 205.367-054, nationally there are approximately 174,000, light exertion, SVP 2. Cashier II, the DOT number is 211.462-010, nationally there are approximately 3.3 million. Sorter, S-O-R-T-E-R, the DOT number is 573.687-034, nationally there are approximately 549,000, light exertion, SVP 2.

Q: Now, for the second hypothetical, assume hypothetical one, but consistent with the testimony here today as to symptomatology, assuming corroboration in the medical records and other records, would additionally require breaks and absences at will, and time off task at will, that could exceed 15% or more of a give work week or work month. Any work at all for such a person?

A: No.

Q: And is you testimony consistent with the DOT and related publications?

A: Yes.

(Doc. 13-14, at 69-70).

In his written decision, the ALJ's RFC determination limited Handwerk "to occupations requiring no more than simple, routine, repetitive tasks, not performed in a fast-paced production environment, involving only simple, work-related decisions, and in general, relatively few workplace changes." (Doc. 13-14, at 27). At step five, the ALJ determined that, pursuant to SSR 00-4p, the VE's testimony "is consistent with the information contained in the [DOT]." (Doc. 13-14, at 37). The ALJ found that "[b]ased on the testimony of the [VE]," and considering Handwerk's age, education, work experience, and RFC, Handwerk "is capable of making a successful readjustment to other work that exists in significant numbers in the national economy." (Doc. 13-14, at 37). Thus, the ALJ concluded that a finding of "not disabled" is appropriate. (Doc. 13-14, at 37).

Handwerk argues that remand is warranted because the ALJ's RFC determination limited Handwerk to simple, repetitive, routine tasks, is in conflict with the VE's testimony that she can perform the requirements of certain representative occupations, such as survey worker, casher II, and sorter. (Doc. 14, at 6). Handwerk asserts that according to the revised Vocational Expert Handbook, which provides that: "There is an apparent conflict between a job that requires reasoning level 3, and a hypothetical individual that can perform only 'simple' or 'repetitive' tasks," Handwerk would have been unable to perform the reasoning level 3 occupations of survey worker or casher II. (Doc. 14, at 6). With respect to the level 3 occupation of sorter, Handwerk asserts that the ALJ "ignored the VE's testimony that a limitation to simple, repetitive, routine tasks would preclude the ability to carry out detailed written or oral instructions." (Doc. 14, at 7). Handwerk argues:

> The problem for the Agency in this case is that the vocational expert only named three occupations in response to the ALJ's hypothetical questions and

> all three of these occupations are actually precluded by the restrictions identified by the ALJ. Because the vocational evidence was contradictory at best, the ALJ has failed to identify a significant number of jobs that Ms. Handwerk was capable of performing and thus failed to satisfy his burden at Step 5 of the sequential evaluation process. Accordingly, remand, at a minimum, is required.

(Doc. 14, at 4).

In opposition, the Commissioner argues that the VE's testimony did not conflict with the DOT. (Doc. 16, at 6). The Commissioner emphasizes that the Third Circuit's finding that there is no "bright-line rule stating whether there is a *per se* conflict between a job that requires level 3 reasoning and a finding that a claimant should be limited to simple and routine work." (Doc. 16, at 16) (quoting *Zirnsak v. Colvin*, 777 F.3d 607, 618 (3d Cir. 2014)). In support of its argument, the Commissioner cites *Zirnsak v. Colvin*, in which the Third Circuit rejected the claimant's argument that the ALJ's failure to resolve conflicts between the VE's testimony and the DOT warranted remand of her case. 777 F.3d at 616. In *Zirnsak*, the claimant argued that the VE's testimony that she was capable of working as an order clerk, charge account clerk, or telephone quotation clerk, jobs requiring a reasoning level of three, was inconsistent with the ALJ's finding that the claimant was "limited to simple and repetitive tasks involving routine work processes and settings." *Zirnsak*, 777 F.3d at 617.

The Commissioner argues *Zirnsak* is controlling in this matter because: (1) like in *Zirnsak*, Handwerk's counsel did not mention actual requirements of the reasoning levels while cross-examining the VE at the hearing; and (2) Handwerk fails to advance a factual argument that jobs with a reasoning level of 2 or 3 are too complex for her abilities. (Doc. 16, at 17-18). Conversely, Handwerk argues that unlike the VE in *Zirnsak*, the VE in the present case testified that a claimant with the limitations adopted by the ALJ could not perform the

duties of reasoning level two or three. (Doc. 18, at 1). Furthermore, Handwerk states that unlike in *Zirnsak*, the record in this case contains direct evidence that Handwerk could not perform the reasoning level two or three occupations adopted by the ALJ. (Doc. 18, at 2-3).

The Court notes that Handwerk's counsel clearly challenged the VE on her testimony. Specifically, counsel asked the VE if the restriction to routine, repetitive tasks, would preclude Handwerk from being able to carry out detailed instructions. (Doc. 13-14, at 70-71). The VE answered in the affirmative. (Doc. 13-14, at 70-71). All of the jobs identified by the VE required at least a reasoning level of 2, which requires the ability "to carry out detailed but uninvolved written or oral instructions." *Alvarado*, 147 F.Supp.3d at 306 (quoting DOT, Appendix C). Thus, the Court finds that there is a conflict between the VE's testimony that a restriction to routine, repetitive tasks, would preclude Handwerk from being able to carry out detailed instructions, and the VE's testimony that Handwerk could perform reasoning level 2 or 3 jobs, that require the ability to carry out detailed instructions. Importantly, the ALJ did not ask the VE to clarify these inconsistencies. (Doc. 13-14, at 50-73). Thus, the Court finds remand is appropriate to explain these inconsistencies. *Alvarado*, 147 F.Supp.3d at 306.

The undersigned finds that the present case is more analogous to *Alvarado v. Colvin*, in which the Eastern District of Pennsylvania considered the issue, not present in *Zirnsak*, of whether remand is warranted where the VE testified that the claimant could not carry out detailed instructions. *Alvarado*, 147 F.Supp.3d at 297. The ALJ in *Alvarado* described the claimant as limited to "routine, repetitive tasks," but "[a]ll of the jobs identified by the vocational expert required a reasoning level of 2," which, as defined above, requires the ability "to carry out detailed but uninvolved written or oral instruction." *Alvarado*, 147 F.Supp.3d at 307. The claimant's counsel "asked the vocational expert if the restriction to routine, repetitive

tasks, would preclude plaintiff from being able to carry out detailed instructions," and "[t]he vocational expert testified that yes, a restriction to routine, repetitive tasks, would preclude plaintiff from being able to carry out detailed instructions." *Alvarado*, 147 F.Supp.3d at 307. The court vacated the ALJ's decision and remanded the case so that the ALJ can explain the inconsistencies, finding that there was a clear conflict in the VE's testimony and that the ALJ failed to "ask the vocational expert to clarify these inconsistencies." *Alvarado*, 147 F.Supp.3d at 307.

Here, the similarity between the hypothetical question posed and the VE's response, and the nearly identical testimony at issue in *Alvarado* warrants further evaluation. *See Ellis v. Berryhill*, No. CV 17-5093, 2018 WL 6271578, at *8 (E.D. Pa. Nov. 30, 2018) (remanding case to Commissioner where ALJ limited claimant to *simple, repetitive tasks* with only occasional changes in the work setting, the jobs identified by VE require a reasoning level of two, and VE testified that claimant could not carry out detailed instructions). In this case, all three jobs identified by the VE require a reasoning level of at least 2, and Handwerk's limitation to simple, repetitive tasks, when considered in conjunction with the VE's testimony that she cannot carry out detailed instructions, appears to contradict the reasoning level 2's requirement that Handwerk be able to carry out "detailed" instructions. (Doc. 13-14, at 70-71). Thus, the Court cannot conclude harmless error here as the VE testimony formed the basis of ALJ's Wing's decision at step five.

Accordingly, the Court remands this issue to the Commissioner for evaluation and possible further explanation of this apparent conflict. *Ellis*, 2018 WL 6271578, at *8; *Upshur v. Colvin*, 200 F.Supp.3d 503, 513 (E.D. Pa. 2016) (remanding case where plaintiff's counsel noted inconsistencies between the DOT and the VE's testimony on cross examination);

*Zapata-Alvarez v. Colvin*, No. CV 14-2830, 2015 WL 5179477, at *11 (E.D. Pa. Sept. 4, 2015) (remanding case where VE testified that plaintiff can perform occupations requiring reasoning level of 2 or 3, which conflicted with ALJ's determination that plaintiff be limited to simple 1 or 2 step instructions); *see also Neifert v. Saul*, No. 1:20-CV-453, 2020 WL 6585897, at *6 (M.D. Pa. Nov. 10, 2020).

B. THE COURT DECLINES TO ADDRESS HANDWERK'S REMAINING ARGUMENTS.

Because the Court has vacated and remanded the decision of the Commissioner for further consideration, concluding that the unresolved VE conflicts warrant remand for further evaluation, the Court declines to address Handwerk's remaining arguments. "A remand may produce different results on these claims, making discussion of them moot." *Burns v. Colvin*, 156 F.Supp.3d 579, 598 (M.D. Pa. Jan. 13, 2016). The Court's evaluation of Handwerk's additional contentions would be futile given that the ALJ's reconsideration of whether Handwerk's reasoning levels, in combination with her other impairments, may yield a different result.

V. **REMEDY**

As a final matter, the Court addresses whether this case should be remanded to the Commissioner for further administrative proceedings or whether reversal and an award of benefits is appropriate. The Court has authority to affirm, modify or reverse the Commissioner's decision "with or without remanding the case for rehearing." 42 U.S.C. § 405(g); *Melkonyan v. Sullivan*, 501 U.S. 89, 100–01 (1991). However, the Third Circuit has advised that benefits should only be awarded where "the administrative record of the case has been fully developed and when substantial evidence in the record as a whole indicates that

the claimant is disabled and entitled to benefits." *Morales v. Apfel,* 225 F.3d 310, 320 (3d Cir. 2000); *see e.g. Fla. Power & Light Co. v. Lorion,* 470 U.S. 729, 744 (1985) ("[T]he proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation."). Here, the appropriate measure is to remand for further consideration on the issue of whether Handwerk is capable of performing work that exists in significant numbers in the national economy. The analysis on remand may impact, and thus include, further consideration of other issues raised by Handwerk on this appeal. Upon remand, the ALJ is instructed to consider and make specific findings as to all relevant probative medical evidence.

## VI. CONCLUSION

Based on the foregoing, the Commissioner's decision to deny Handwerk disability benefits is **VACATED**, and the case is **REMANDED** to the Commissioner to fully develop the record, conduct a new administrative hearing, and appropriately evaluate the evidence pursuant to sentence four of 42 U.S.C. § 405(g). Further, the Clerk of Court is directed to **CLOSE** this case.

An appropriate Order follows.

**Dated: September 18, 2023**

s/ Karoline Mehalchick
**KAROLINE MEHALCHICK**
**Chief United States Magistrate Judge**